[No. 21114. Department Two. April 3, 1928.]

THE STATE OF WASHINGTON, *Respondent*, v. CHAS. HARTNESS *et al.*, *Appellants*.[1]

[1] CRIMINAL LAW (232)—TRIAL—OBJECTIONS TO EVIDENCE—WAIVER. An objection to the introduction of evidence obtained by illegal seizure cannot be urged on appeal, where the objection was not raised on the trial.

[2] INTOXICATING LIQUORS (30, 50)—ILLEGAL POSSESSION—EVIDENCE —SUFFICIENCY. A conviction of the unlawful possession of intoxicating liquor is sustained by evidence showing that liquor was found in a houseboat near defendants' premises, and that one of them threw a bottle of whiskey into the river nearby, on the approach of the police officers.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered July 27, 1926, upon a trial and conviction of illegal possession of intoxicating liquor. Affirmed.

*Gordon D. Eveland*, for appellants.

*C. T. Roscoe* and *Charles R. Denney*, for respondent.

FULLERTON, J.—The appellants, Hartness and Anderson, were convicted of a violation of the liquor laws, and appeal from a judgment and sentence pronounced upon them.

Preliminary to their arrest for the offense for which they were subsequently convicted, a search warrant was sworn out before a justice of the peace, under which the officers searched the dwelling house in which the appellants resided and its immediate surroundings. The dwelling was a house-boat in the Snohomish river, anchored to the shore, and was the property of the appellant Anderson; the other appellant being a boarder therein. No intoxicating liquors were found

[1]Reported in 265 Pac. 742.

in the dwelling, but in the course of the search surrounding the house a pint flask containing moonshine whiskey was found in the river near thereto. On the next day, the officers returned and searched another boat-house near the dwelling house, and connected therewith by a board plank leading from the one to the other. In that house, there was found a quantity of home-made beer, and a barrel of berry wine containing some one hundred and fifty gallons. Subsequently, an information was filed against the appellants directly in the superior court, charging them with the unlawful possession of intoxicating liquors with the intent to sell and dispose of the same.

The officers preserved the moonshine whiskey, and seemingly some of the beer, to be used as evidence against the appellants. Prior to the trial, the appellants moved to suppress the evidence relating to the finding of the liquors, on the ground that it was procured by an unlawful search and seizure. The motion was based on the contention that the search warrant was so far irregular as not to authorize a search of the premises. The court denied the motion tentatively, holding that the evidence before it at that time was insufficient to enable it to rule upon the question, saying that the admissibility of the liquor in evidence would depend on the preliminary proofs given at the trial. At the trial, certain of the liquor was offered in evidence, as well as the circumstance under which it was found, and was received without objection on the part of the appellants.

The appellants assign two errors for reversal: First, that the court erred in refusing to grant their motion to suppress the evidence; and, second, that the evidence introduced at the trial on the part of the state is insufficient to sustain a conviction.

[1] As to the first of the objections, we think it

may be questioned whether the liquors seized and the circumstances relating to the seizure were inadmissible as evidence under the rules as we have hereinbefore announced them, even though the search warrant held by the officers was invalid. But, conceding that the evidence was subject to a motion to suppress, we are clear that it is not now open to the appellants. The order made by the court at the time the motion was presented to it was, as we have stated, not absolute but tentative; the court concluded that the evidence as then presented did not justify a granting of the motion, and left the question open for further consideration when the evidence should be offered at the trial. Whether it erred in this conclusion, the record does not disclose, as the evidence on which it acted has not been brought before us. The presumption obtains, therefore, that its ruling was correct. It was thus incumbent upon the appellants to raise the question at the trial, and their failure so to do was a waiver of the objection.

[2] As to the sufficiency of the evidence, the general facts bearing thereon we have hereinbefore outlined. In addition thereto, there was evidence tending to show that the whiskey flask was thrown into the river by one of the appellants after the approach of the officers was discovered. The building in which the other liquors were found had been for a long time unoccupied, and the surroundings bore evidence that it had not been approached from its front or landside within any recent period of time, unless it was so approached over the plank hereinbefore mentioned. There was evidence tending to show, also, that one of the appellants manifested sufficient interest in the building as to make more secure its anchorage to the shore. The other evidence offered furnishes but little support to the state's case, but we agree with the

trial court that what is here recited was sufficient to warrant submitting the question of the guilt of the appellants to the jury.

The judgment is affirmed.

MACKINTOSH, C. J., HOLCOMB, ASKREN, and MAIN, JJ., concur.