[No. 32577.   Department One.   November 24, 1953.]

THE STATE OF WASHINGTON, *Respondent*, v. STANLEY C. OLSEN, *Appellant*.[1]

[1]Reported in 263 P. (2d) 824.

*Gleeson & Smith*, for appellant.

*Hugh H. Evans* and *John J. Lally*, for respondent.

WEAVER, J.—This is an appeal from a judgment and sentence entered after a jury verdict finding appellant guilty of (1) unlawfully carrying a pistol in a vehicle without a license therefor as required by law; and (2) unlawfully having in his possession tools adapted, designed, or commonly used in the commission of a burglary, under circumstances evincing an intent that the same be used for the commission of a crime.

Appellant was arrested for several traffic violations committed in the presence of a police officer. He was placed in the Spokane city jail and booked for negligent driving. He later forfeited bond on this charge. While the contents of his car were being placed in custody for safekeeping by police officers, a routine procedure, the following items, among others, were found: (a) a fully loaded automatic pistol was behind a folding armrest in the rear seat; (b) a set of tools, commonly used by safe burglars, was in the space between the car radiator and the front grill; and (c) a "sap" and a La Grande, Oregon, police badge were on a

ledge under the dashboard. Thereafter, the present charges were filed against appellant.

Appellant moved, before and during the trial, that the gun, tools, "sap," and police badge be suppressed and not admitted in evidence because they had been seized illegally.

▋ The arrest was for traffic violations committed in the presence of the arresting officer. It was a lawful arrest. *State v. Llewellyn*, 119 Wash. 306, 205 Pac. 394 (1922). The search of the car was legal as an incident of the lawful arrest, for under the circumstances, the officers are not confined to a search of the person but may search the automobile which the person arrested was driving. *State v. Cyr*, 40 Wn. (2d) 840, 246 P. (2d) 480 (1952); *State v. Dietz*, 136 Wash. 228, 239 Pac. 386 (1925); *State v. Hughlett*, 124 Wash. 366, 214 Pac. 841 (1923). The fact that the appellant was charged with a crime, other than the one for which he was originally arrested, does not invalidate the arrest or the search which took place incident to the arrest. *State ex rel. Fong v. Superior Court*, 29 Wn. (2d) 601, 188 P. (2d) 125 (1948).

In this case, we have the added fact that the rear seat area of the car was piled high with numerous articles of personal property. The police officers were performing a routine duty in checking the articles for safekeeping when the items were found which implicated the appellant.

The authorities cited by appellant to this point (*Burley v. State*, 59 So. (2d) (Fla.) 744 (1952); *Graham v. State*, 60 So. (2d) (Fla.) 186 (1952)) are distinguishable from the instant case. In each, the arrest was unlawful; hence, the search was unlawful.

It was not error to refuse to suppress this evidence, nor was it error to admit the articles in evidence, if otherwise competent.

In his opening statement, the deputy prosecuting attorney told the jury that the state would prove that the pistol was *loaded* when discovered in the car. Appellant's counsel immediately claimed surprise and moved for a vacation of the trial as to count I of the information, or for a continuance. The motion was denied.

Appellant's argument is this: By count I, he was charged under RCW 9.41.050; Rem. Rev. Stat. (Sup.), § 2516-5, which provides:

"No person shall carry a pistol in any vehicle . . . without a license therefor as hereinafter provided."

The next section of the statute (Rem. Rev. Stat. (Sup.) § 2516-6 [*cf.* RCW 9.41.060]) describes certain persons who are exempt from the operation of the statute if the pistol is "*unloaded* and in a secure wrapper" and is being transported under certain conditions. There is, therefore, a material variance and the resulting surprise damages his possible defense. Hence, he is entitled to a continuance.

■■■ We are not convinced by appellant's argument. Count I of the information is substantially in the words of the statute, and the language is adequate to apprise the accused of the nature of the accusation with reasonable certainty. This is sufficient. *State v. Moser*, 41 Wn. (2d) 29, 246 P. (2d) 1101 (1952), and cases cited. It is immaterial whether the pistol is loaded or unloaded under the statute. It is not an element of the crime charged, nor does it affect the penalty for a violation of the statute. Appellant still has the opportunity, if he chooses, to present all possible defenses. In addition, appellant did not attempt to comply with the statute (Rem. Rev. Stat., § 2135 [*cf.* RCW 10.46-.080]) which governs the granting of continuances in criminal cases. The trial court did not err when it denied the motion for a continuance.

The tools found in the compartment, between the radiator and front grill of appellant's automobile, were admitted in evidence. An expert testified that the tools were such as were ordinarily used by a burglar for "punching" and "peeling" a safe.

The state introduced evidence of a recent burglary in La-Grande, Oregon. The police badge had been taken from the burglarized safe; the "sap" had been taken from the premises. Two persons identified appellant as having been on the premises (a lodge) the evening the crime was committed. The dial and spindle, which had been knocked

from the safe during the burglary, were admitted in evidence. An expert testified that certain tools, found in appellant's car, had been used to force open the safe. Microscopic comparison of the striations on appellant's sledge hammer corresponded with the markings made on the safe dial when it was knocked off. Enamel and brass from the dial were found in the markings on the face of the hammer.

Was it proper to permit testimony tending to prove appellant's commission of the Oregon burglary? Was it proper to admit in evidence the alleged fruits of the Oregon burglary—the police badge and the "sap"?

■ The statute, under which appellant was charged with the crime of possession of burglar tools, has two requirements: (1) the accused must have the tools in his possession; and (2) it must be

". . . under circumstances evincing an *intent* to use or employ . . . the same . . . in the commission of a crime . . ." Rem. Rev. Stat., § 2582 [*cf.* RCW 9.19-.050]. (Italics ours.)

The statute further provides that:

"The possession thereof [burglar tools] . . . shall be *prima facie* evidence that such possession was had with intent to use or employ or allow the same to be used or employed in the commission of a crime."

Since alleged burglar tools usually have an honest use, as well as a possible dishonest use, it is apparent that the state may produce something more than mere possession, in order to prove beyond a reasonable doubt that the tools were possessed for a dishonest use.

■ While it is the general rule that proof of the commission by the accused of offenses other than the one for which he is being tried, is incompetent, under the facts of this case the state may introduce evidence of the commission of recent burglaries by the accused, or of his possession of the fruits of such offenses, in order to show that the accused possessed the tools with a burglarious intent. There is evidence that the particular tools had been used by the accused in a particular and specific burglary. The fact that he had so

used them is proof (if believed by the jury) of the intent for which he had them in his possession. *State v. Kappen*, 191 Iowa 19, 180 N. W. 307 (1920); *Burch v. Commonwealth*, 240 Ky. 519, 42 S. W. (2d) 714 (1931); *Lambert v. Commonwealth*, 219 Ky. 806, 294 S. W. 466 (1927); *State v. Hefflin*, 338 Mo. 236, 89 S. W. (2d) 938, 103 A. L. R. 1301 (1935); *State v. Medley*, 360 Mo. 1032, 232 S. W. (2d) 519 (1950).

The judgment and sentence are affirmed.

GRADY, C. J., MALLERY, HILL, and OLSON, JJ., concur.