[No. 34441. Department Two.- March 20, 1958.]

BEVERLY WESTLAKE, *Respondent*, v. DONALD J. WESTLAKE, *Appellant*.[1]

*Ellsworth Gump, Jr.*, for appellant.

*Caruso & Spinelli* and *Thomas P. Delaney*, for respondent.

ROSELLINI, J.—This is a divorce action in which both parties were awarded a decree on the ground of cruel and inhuman treatment. The property of the parties was divided equally between them. Custody of the minor child of the parties was awarded to the plaintiff, and the defendant was given visitation privileges. Each of the parties was found to be a fit and proper person to have the care and custody of the child.

The defendant has appealed, contending that the court should have found the plaintiff guilty of adultery, on the basis of the evidence, and should have granted him a new

[1]Reported in 323 P. (2d) 8.

trial on the basis of an affidavit which he submitted containing alleged newly discovered evidence. His ultimate contention is that the court abused its discretion in awarding custody of the child to the plaintiff.

The evidence was in conflict as to whether the plaintiff had committed acts of adultery, and the trial court, after listening to the witnesses, found that the defendant had failed to sustain the burden of proving his allegation. But whether the accusation was true or not, the court decided, the evidence of the care which the plaintiff had given the child and her affection for him was such that it felt she was a fit and proper person to have his care and custody; and the court further concluded that it would be for the best interest of the child, at least for the time being, to be with one of its parents rather than in the home of the grandparents, where the defendant proposed to place him.

 Examining the record, we cannot say that the court abused its discretion in awarding custody to the mother. Even were we to say that, as a matter of law, the defendant had sustained the burden of proving the allegation of adultery, this would not necessitate a finding that the plaintiff was an improper person to have the custody of her child. *Annest v. Annest*, 49 Wn. (2d) 62, 298 P. (2d) 483; *Norman v. Norman*, 27 Wn. (2d) 25, 176 P. (2d) 349. Aside from the testimony regarding the plaintiff's relationships with other men, the record is devoid of any evidence that the plaintiff was an unfit mother. On the other hand, the record is replete with evidence that she was devoted to her child and took good care of him. As the trial court observed in its memorandum opinion, if future events should show that the welfare of the child requires his removal to a different environment, a modification of custody can be made on proper application.

 In regard to the assignments of error directed to the denial of the defendant's motion for a new trial (which was preceded by a "petition for rehearing on final decree of divorce"), this motion and the preceding motion were decided on affidavits, all of which are not brought to this

court in the statement of facts and are not identified in the order denying the new trial. Therefore, they cannot be considered on appeal, and the order cannot be reviewed. *Zarelli v. Superior Distributing Corp.*, 51 Wn. (2d) 154, 316 P. (2d) 465. And see the numerous cases cited therein.

No error having been shown, the decree is affirmed.

HILL, C. J., DONWORTH, WEAVER, and FOSTER, JJ., concur.