[No. 35473.  En Banc.  September 28, 1962.]

THE STATE OF WASHINGTON, *Respondent,* v. GEORGE A. MICHAELS, *Appellant.*\*

\*Reported in 374 P. (2d) 989.

*Maurice Kadish* (of *Kadish & Kane*), for appellant.

*Charles O. Carroll, Norman W. Quinn,* and *Liem E. Tuai,* for respondent.

ROSELLINI, J.—This is an appeal from a judgment entered on a verdict of guilty in a prosecution for illegal possession of gambling devices, a gross misdemeanor under RCW 9.47.030. The defendant appeals, assigning error to the denial of his various motions to suppress the evidence which formed the chief part of the case against him, contending that it was obtained through an illegal search and seizure.

The defendant was arrested for failing to signal for a left

turn by officers who had been alerted to look for the automobile which he was driving. The record does not reveal the content of the information which had been given them concerning the automobile. They searched it, without the consent of the defendant, and found in the trunk suitcases containing dice, some magnets, magnetized dice, and other items. This prosecution followed.

██   The defendant, in advance of the trial, made three separate motions to suppress the evidence, which were denied. The state contends that he waived his objections, however, because he did not again object when the evidence was introduced at the trial, citing *State v. Jackovick*, 56 Wn. (2d) 915, 355 P. (2d) 976. Although that case contains a broad statement that a failure to object to the admission of evidence constitutes a waiver of a previous motion to suppress the evidence, it was actually decided upon another ground. The case cited in that opinion as the authority for the rule was *State v. Hartness*, 147 Wash. 315, 265 Pac. 742. In that case, when the defendants' motion to suppress the evidence was argued before the trial court, the court concluded that the evidence as then presented did not justify a granting of the motion, and left the question open for further consideration when the evidence should be offered at the trial. This court held that, since the evidence on which the court acted at that time was not in the record, the ruling was presumptively correct, and it was thus incumbent upon the defendants to raise the question at the trial. Their failure to do so was held to be a waiver of the objection.

It hardly needs to be said that the purpose of requiring objections to be made in the trial court, is to give the court an opportunity to rule on the objection at a time when the facts are before it and the arguments have been heard. In the *Hartness* case, it appeared from the record that the trial court had found the facts before it insufficient to justify a decision on the motion prior to the trial, but expressly left the question open to be decided at the time the evidence was offered. By failing to take advantage of the opportunity afforded them by the court to challenge the evidence when

it was offered (and when apparently additional facts had been disclosed to the trial court), the defendants of course waived their previous objections.

In this case, however, the trial court had all the facts before it when the pretrial motions were made, and the ruling which it made on the last of them was final in its terms. To have objected to the introduction of the evidence after this definitive ruling would have been a useless act, and this the law does not require. We find in the record of this case no evidence of a waiver of the objection.

The affidavits upon which these motions were heard have not been brought before this court, either as a part of the statement of facts or in the transcript. Ordinarily, this fact would preclude a review of the trial court's ruling. *Westlake v. Westlake*, 52 Wn. (2d) 77, 323 P. (2d) 8. Rulings of a trial court are presumptively correct, and the burden is upon one challenging the correctness of such rulings to show that they were erroneous. In the absence of a showing that the evidence before the court did not justify the ruling, the presumption of correctness must prevail.

In the case before us, the circumstances of the arrest and search were disclosed by the testimony of the arresting officers, which is found in the statement of facts. The state does not contend that the affidavits revealed any material facts which were not disclosed by this testimony; and the attorney for the state stated in open court that, to the best of his knowledge, there were no additional pertinent facts contained in the affidavits. This being the case, the facts were before the trial court and are before us. Thus, we are in position to decide whether the motions were properly denied. In *State v. Gibbons*, 118 Wash. 171, 203 Pac. 390, this court adopted the federal rule, as announced in *Amos v. United States*, 255 U. S. 313, 65 L. Ed. 654, 41 S. Ct. 266, that if it appears from the direct or cross examination of the state's witnesses that the evidence was obtained unlawfully, it is the duty of the trial court, upon motion, to exclude it. See also, *State v. Dersiy*, 121 Wash. 455, 209 Pac. 837.

The search was made without a warrant. In 47 Am. Jur. 513, § 18, it is said:

"The guaranty of freedom from unreasonable searches and seizures is construed as recognizing a necessary difference between a search of a dwelling house or other structure in respect of which a search warrant may readily be obtained and a search of a ship, motorboat, wagon, or automobile for contraband goods, where it is not practicable to secure a warrant, because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought. However, those lawfully within the country, entitled to use the public highways, have a right to free passage without interruption or search unless there is known to a competent officer authorized to search probable cause for believing that their vehicles are carrying contraband or illegal merchandise. The measure of the legality of such a seizure is, therefore, that the seizing officer shall have reasonable or probable cause for believing that the automobile which he stops and seizes contains contraband goods which are being illegally transported. . . ."

Among the authorities cited in the footnotes to this statement is *State v. Kinnear*, 162 Wash. 214, 298 Pac. 449, 74 A. L. R. 1400, wherein we held that reasonable and probable cause is such cause as would justify the issuance of a search warrant. Also in accord is *State v. Knudsen,* 154 Wash. 87, 280 Pac. 922. The burden was upon the arresting officers to show that the search was made with reasonable and probable cause if that was their contention. But they have not suggested that the search was made in this case with reasonable and probable cause to believe that the automobile contained gambling devices or other illegal merchandise. The state places its reliance on its showing that the search was made as an incident to the arrest for failure to give a left-turn signal.

The defendant urges, however, that the search was not incident to the arrest, but rather the arrest was a mere pretext for searching the automobile to see what might be uncovered.

The well-settled rule is that an officer may take into custody a person who commits a misdemeanor in his pres-

ence, and upon making the arrest, may search the person and his immediate environs *for evidence of the crime or tools which would aid in the arrested person's escape.* This rule is clearly stated in *State v. Cyr*, 40 Wn. (2d) 840, 246 P. (2d) 480:

"The constitutional requirement that searches and seizures be made only pursuant to 'authority of law' is complied with where such search and seizure is made incident to a lawful arrest. Thus it is the general rule that, where a person is legally arrested, the arresting officer has a right to search such person and take from his possession money or goods which the officer reasonably believes to be connected with the supposed crime, and discoveries made in this lawful search may be shown in evidence at the trial." (Citing cases.)

The state relies upon two cases in which this court does not appear to have given full effect to the requirement that such a search, in order to be lawful, must be for items connected with the crime for which the person was arrested, or which might aid in his escape. The first of these cases was *State v. Deitz*, 136 Wash. 228, 239 Pac. 386. In that case, officers had arrested the defendant for driving without lights and without the license plates required by law, had searched his automobile and found moonshine whisky in the rear compartment. This court held that the whisky was admissible in evidence. Insofar as the opinion reveals, however, the defendant did not argue that the arresting officers had no right to search the car or that the search was not made for items connected with the crime for which he was arrested, but simply argued that because the items were not connected with that crime, they could not be used against him. We held that, since the officers had the right to search the car, the search was lawful, and the evidence was not illegally obtained. The question of whether an arrest can be used as a pretext for searching an automobile was not at issue in that case and was not decided.

The more recent of the two cases relied upon by the state is *State v. Olsen*, 43 Wn. (2d) 726, 263 P. (2d) 824. The defendant in that case was also arrested for traffic violations. However, his offense was negligent driving, and the

arresting officer impounded his car, an act which was reasonable under the circumstances. While its contents were being inventoried for safe keeping, the officers found evidence of another crime, with which he was charged and of which he was convicted. We held that the evidence was obtained lawfully. Again, there was no contention that the arrest was made for the sole purpose of searching the car. The case stands for the proposition that, where an automobile has been impounded for a reasonable cause, and its contents are inventoried for such a reasonable and lawful purpose as the protection of the owner from thefts and the officers from false claims, if evidence of the crime is discovered, it can be used in a prosecution.

■■ Neither of these cases involved the question presented here. In the present case there is no pretense that the arrest was made with any idea in mind except to gain access to the automobile and search it; and it is not claimed that the arresting officers had probable cause to believe the automobile contained illegal merchandise. A search of the automobile could reveal nothing useful in establishing the offense for which the defendant was arrested, and there was no reason to suspect that he would attempt to flee with the aid of something that might be found in the trunk of his car.

The fundamental principles are set forth in *United States v. 1013 Crates of Empty Old Smuggler Whiskey Bottles, etc.*, 52 F. (2d) 49:

" . . . Such searches are reasonable when they are fairly within the category of mere incidents of the arrest for the purpose of securing the safety of the officers, as when concealed weapons may be possessed, or for getting the subject-matter or evidence of the crime for which the arrest has been made. They are unreasonable and, because so, unlawful, when the arrest may fairly be said to have been but an excuse for a general exploratory search. . . ."

An arrest may not be used as a pretext to search for evidence. *United States v. Lefkowitz*, 285 U. S. 452, 76 L. Ed. 877, 52 S. Ct. 420; *Taglavore v. United States*, 291 F. (2d) 262 (C. A. 9th, 1961).

In the latter case, the Court of Appeals for the Ninth Circuit said:

"Normally one's person or property may not be searched unless the authorities conducting the search have a search warrant which has been issued by a magistrate upon at least a showing of probable cause. Certain well-established exceptions exist to this basic rule. One such exception, within which the Government claims the instant case falls, is that incident to a valid arrest the person arrested may be searched without warrant. Thus where one has been legally arrested for the commission of a crime his person and, in most cases, his immediate surroundings at the time of arrest may be properly searched. The main purpose of this exception is to facilitate discovery of various elements and evidence of the crime for which the accused is being arrested, and also to remove weapons or other instrumentalities which might be used to resist the officers or for escape or similar purposes. If the search happens to uncover evidence of crimes other than the one for which the accused has been arrested, this evidence may also be used against him in prosecutions for the other crimes so discovered. Harris v. United States, 1947, 331 U. S. 145. . . . ''

The evidence in this case conclusively shows that the arrest was made for the sole purpose of searching the automobile to ascertain whether it contained any contraband property. It was a mere pretext for the search and was therefore unlawful. Consequently, the defendant's motions to suppress should have been granted.

Because the defendant alleged in an affidavit that the automobile belonged to his wife (who was a passenger in it when the arrest was made), and because he denied ownership of the gambling equipment, the state maintains that he is not in a position to contend that his constitutional rights were violated, citing *State v. Vennir*, 159 Wash. 58, 291 Pac. 1098. In that case, contraband material was taken from an automobile which was parked in a public garage and was under the control of the operator of the garage. The defendant denied having any interest in, or knowledge of, or connection with the automobile and the liquor which was found in it. This court held that in view of this complete disclaimer of any interest in, or connection with, the premises which

were searched, the defendant was in no position to urge that his property or effects had been subjected to an unlawful search and seizure.

That case is readily distinguishable. Here, the defendant did not disclaim any connection with the automobile. He was driving it at the time of the arrest, he did not deny that it was in his possession and under his control at the time. He did not disclaim any interest in it, although he did describe it as his wife's automobile.

■ The constitution of this state and the Constitution of the United States do not protect only those who have legal title to the premises searched. If this were the case, lessees, conditional vendees, and persons having equitable interests, to name a few examples, would not be able to claim the protection of the constitutions. It has never been suggested that such a result was intended by those who framed these constitutions.

The United States Supreme Court, in a recent decision, *Jones v. United States*, 362 U. S. 257, 4 L. Ed. (2d) 697, 80 S. Ct. 725, 78 A. L. R. (2d) 233, has held that a defendant has standing to claim the constitutional protection from unreasonable searches and seizures if he was legitimately on premises where a search occurred and if the fruits of the search are proposed to be used against him. In reaching this decision, the court pointed out the obvious fact that, where an element of the crime charged is possession of contraband, if a defendant is required to show that he owned or possessed the premises, he is forced to confess to this element of the crime. If he admits possession for purposes of the motion to suppress the evidence, and denies it for purposes of the trial, there is a chance that this admission will be used against him at the trial, or that he may be charged with perjury. Such a result, the court said, is not in keeping with the spirit and purposes of the constitutional guarantee.

The reasoning of that opinion commends itself to this court. As the court stated therein, the rule according standing to any one rightfully on the premises would be of no avail to those who, by virtue of their wrongful presence,

cannot invoke the privacy of the premises searched. Here, the search was not made of premises but of an object—the automobile. That the defendant was operating that automobile with the permission of the owner is not denied, and the fruits of the search were proposed to be used against him. The defendant did not deny that he was in possession of the automobile. To require him to affirmatively aver that it was in his possession would require a confession of an element of the crime charged. All of the reasons for the application of the rule laid down by the Supreme Court are present. We hold that he had standing to claim the protection of the constitutional guarantees against unreasonable searches and seizures.

The judgment is reversed and the cause remanded for a new trial.

DONWORTH, FOSTER, HUNTER, and HAMILTON, JJ., concur.

FINLEY, C. J. (concurring in the result)—For the reasons set forth in my concurring opinion in *State v. Rousseau* (1952), 40 Wn. (2d) 92, 241 P. (2d) 447, I am opposed to the rule which requires the exclusion or nonuse of evidence or information acquired through illegal arrest or search and seizure. At the time of the *Rousseau* case, the exclusionary rule was based upon Washington case law originating with *State v. Buckley* (1927), 145 Wash. 87, 258 Pac. 1030. However, the United States Supreme Court has recently stated in *Mapp v. Ohio* (1961), 367 U. S. 643, 657, 6 L. Ed. (2d) 1081, 81 S. Ct. 1684, ". . . the exclusionary rule is an essential part of both the Fourth and Fourteenth Amendments. . . ." I feel compelled to accede to the *ratio decidendi* of the *Mapp* case, and consequently on this basis I concur in the result.

OTT, J. (dissenting)—The appellant moved to suppress the evidence in his trial before the justice court. The motion was denied. His appeal to the superior court from the justice court conviction was a trial de novo. *State v. Buckman*, 51 Wn. (2d) 827, 829, 322 P. (2d) 881 (1958), and cases cited.

For the following reasons, the record before us does not support the conclusions of the majority that the trial court erred in denying the motion to suppress the evidence:

(1) Prior to December 23, 1959, the appellant made a pretrial motion to suppress the evidence. The motion was denied by Judge Story Birdseye on December 24, 1959. The motion and the supporting affidavit are not a part of the record before us.

Again, on January 21, 1960, at the time the cause came on for trial before Judge Henry W. Cramer, and before the jury was impaneled, appellant's motion to suppress the evidence was renewed. The court read the motion and the affidavits of appellant George A. Michaels and officers Carlo C. Macri and Harold Reese, and, after argument of counsel, denied the motion. The trial court's determination of the motion to suppress the evidence was based *solely* upon the affidavits supporting and resisting it, which are not a part of the record on appeal.

This court cannot review and reverse a trial judge's decision when the evidence upon which it was based is not before us.

In *Westlake v. Westlake,* 52 Wn. (2d) 77, 78, 323 P. (2d) 8 (1958), we said:

" . . . this motion and the preceding motion were decided on affidavits, all of which are not brought to this court in the statement of facts and are not identified in the order denying the new trial. Therefore, they cannot be considered on appeal, and the order cannot be reviewed. [Citing case.]"

The majority state the rule to be that, *"In the absence of a showing that the evidence before the court did not justify the ruling, the presumption of correctness must prevail."* (Italics mine.) In total disregard of the rules which the majority announce to be here applicable, it is further stated:

"In the case before us, the circumstances of the arrest and search were disclosed by the testimony of the arresting officers, which is found in the statement of facts."

The statement of facts established the elements of the crime. The testimony of the officers relative to the arrest was introduced only to establish the fact of arrest and the commission of the offense. The testimony at the trial was not the evidence upon which the trial court denied the motion to suppress. Whether the testimony in the statement of facts relative to the arrest is the same as that contained in the affidavits, upon which the trial court based its decision on the motion to suppress the evidence, is a matter of conjecture on the part of the majority, since the affidavits upon which the trial court based its decision are not a part of the record on appeal. Our rules on appeal require the appellant to present the record upon which the alleged error is predicated. This the appellant has not done. Upon sheer conjecture relative to material issues of fact, and in utter disregard of the applicable rules of law and appellate procedure, the majority reverse the trial judge.

(2) The appellant admits that the officers arrested him for making an illegal left turn. After the arrest, the automobile was searched. In *State v. Olsen,* 43 Wn. (2d) 726, 728, 263 P. (2d) 824 (1953), we said:

"The arrest was for traffic violations committed in the presence of the arresting officer. It was a lawful arrest. *State v. Llewellyn,* 119 Wash. 306, 205 Pac. 394 (1922). The search of the car was legal as an incident of the lawful arrest, for under the circumstances, the officers are not confined to a search of the person but may search the automobile which the person arrested was driving. *State v. Cyr,* 40 Wn. (2d) 840, 246 P. (2d) 480 (1952); *State v. Deitz,* 136 Wash. 228, 239 Pac. 386 (1925); *State v. Hughlett,* 124 Wash. 366, 214 Pac. 841 (1923). The fact that the appellant was charged with a crime, other than the one for which he was originally arrested, does not invalidate the arrest or the search which took place incident to the arrest. *State ex rel. Fong v. Superior Court,* 29 Wn. (2d) 601, 188 P. (2d) 125 (1948).

" . . .

"It was not error to refuse to suppress this evidence, nor was it error to admit the articles in evidence, if otherwise competent."

The appellant does not contest the validity of his arrest for a traffic violation. The search of the automobile he was driving, following his lawful arrest, was not violative of his constitutional rights. *State v. Olsen, supra.*

The majority state that "In the present case there is no pretense that the arrest was made with any idea in mind except to gain access to the automobile and search it." This statement is likewise sheer conjecture on the part of the majority. The record discloses that, immediately upon contacting the appellant, a citation to appear in court was issued and served upon him.

After making an arrest, a police officer has a duty to search not only for evidence of the offense but for weapons or articles capable of being used in escape or in resisting incarceration. The probable cause for the search was established by the fact of the arrest. *State v. Olsen, supra.* The testimony of the arresting officers establishes the reasonableness of the search, both for the purpose of obtaining evidence relative to the offense and for impounding any weapons the appellant might have had on his person or in the vehicle. The appellant did not offer himself as a witness or introduce any testimony to rebut the testimony of the officers. The assumption on the part of the majority that the original search was without probable cause or was unreasonable is not based upon any evidence in this record.

(3) Assuming, arguendo, that the motion to suppress is properly before us for review, the record does not sustain the conclusion of the majority.

The evidence establishes that the automobile did not belong to appellant; that he was not in possession of it, nor did he claim to have any dominion over it at the time the automobile was searched by the officers, and, finally, that the alleged unlawful items taken from the vehicle did not belong to him. Assuming these facts to be true, appellant cannot raise the question of an illegal search, when he had neither ownership of nor dominion over the property

being searched. In *State v. Vennir,* 159 Wash. 58, 61, 291 Pac. 1098 (1930), we said:

" . . . Appellant did not admit ownership of this liquor, but denied any knowledge thereof, or that the automobile in which the same was found was his, or under his control, or that he had any connection whatever with that car or the contents thereof. This being true, appellant cannot contend that his constitutional rights were violated by the action of the officers in searching the car, and if, on the part of the prosecution, evidence was introduced which rendered the intoxicating liquor found in the automobile competent evidence against appellant, the same was properly received in evidence and considered by the jury."

See, also, *State v. Funk,* 170 Wash. 560, 17 P. (2d) 11 (1932).

No constitutional right of the appellant was invaded by the alleged illegal search of the property of another. *State v. Wooten,* 44 Wn. (2d) 177, 180, 266 P. (2d) 342 (1954). The motion to suppress the evidence was properly denied.

For the reasons stated, the judgment and sentence should be affirmed.

HILL, J. (dissenting)—I would affirm for the reason stated in the dissent, *i.e.,*

"No constitutional right of the appellant was invaded by the alleged illegal search of the property of another."

WEAVER, J. (dissenting)—I concur in the first two reasons set forth in Judge Ott's dissent.