[No. 37443.   Department One.   April 1, 1965.]

COLEEN COLDWATER, *Respondent*, v. HOWARD EARL
COLDWATER, *Appellant*.*

*Robert E. Anderson*, for appellant.

*Anthony J. Felice*, for respondent.

PER CURIAM.—An interlocutory[1] divorce decree (April 6, 1962) awarded custody of the only child of the parties, a boy then approximately 4 years of age, to the mother. The father sought a modification of the decree, which would give him custody (petition filed January 10, 1963). The trial court refused to change the custody. The father appeals.

From the trial court's memorandum opinion of April 9, his statements from the bench on April 24 and September 13 (all in 1963),[2] it is manifest that there has been some soul searching in dealing with this always difficult question of child custody. The court's concern was clearly the welfare and best interests of the child. Not only does the record

*Reported in 400 P. (2d) 619.

[1]Later made final.

[2]The order refusing to make the change in custody requested by the father-appellant was not entered until October 25, 1963. We heard the appeal February 17, 1965, almost 16 months later. There is a real need to find some way of speeding up the appellate process in child custody cases; this we have sought to meet by adopting Rule on Appeal 57(b)(1).

fail to substantiate a manifest abuse of discretion, which is required to warrant a reversal in such a case, but it abundantly supports the order appealed from.

In order to warrant the modification of the provisions of a decree of divorce, regarding the custody of a child, the law is clear that there must be a material change in conditions concerning the welfare of the child and a showing that the child's welfare will be promoted thereby. *Cumbie v. Cumbie* (1962), 61 Wn. (2d) 669, 670, 379 P. (2d) 918, and cases there cited.

The only changes of condition and attitudes and ability to adequately care for the child, insofar as the mother is concerned, were all for the better. We agree with the trial court that, on the showing made, the welfare of the little boy will be best served by assuring him the love, care and attention of his mother.

The appellant-father's principal contentions have been answered again and again in cases such as *Westlake v. Westlake* (1958), 52 Wn. (2d) 77, 323 P. (2d) 8. (See cases listed in note 179, 35 Wash. L. Rev. 16, p. 41).

The judgment appealed from is affirmed.