IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 30237-7-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TONY ORLANDO CANTU, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

BROWN, J. — Tony Orlando Cantu appeals his methamphetamine possession conviction, contending the trial court erred in rejecting his pretext-arrest argument and denying his evidence suppression motion. We affirm.

FACTS

The unchallenged suppression hearing findings of fact summarized here are verities on appeal. About 1:00 a.m. on October 7, 2010, Sheriff's Deputy Jason Erickson was driving his patrol vehicle along a residential street in Othello, Washington when he saw another vehicle, driven by Mr. Cantu, approaching him in the opposite lane at a rate well above the 25-mile-per-hour speed limit. Using his radar speed-measuring device, Deputy Erickson noted the vehicle traveled at 64 miles per hour initially, accelerated to 72 miles per hour, then decelerated to 62 miles per hour and nearly lost control after its

suspension bottomed out on a depression in the pavement. The street had parked vehicles lining each side, crosswalks marked for pedestrian use, and intersections on which semi trucks passed.

The deputy stopped the vehicle and contacted Mr. Cantu in the driver's seat, recognizing him from prior burglary, theft, and drug investigations. Deputy Erickson explained he stopped Mr. Cantu for speeding at up to 72 miles per hour, indicating the matter was serious because it was almost three times the speed limit. Mr. Cantu provided his licensing and registration information upon Deputy Erickson's request. During this exchange, Deputy Erickson saw large electronic equipment and bags in the rear seat, which "piqued [his] curiosity." Report of Proceedings (RP) at 56.

Deputy Erickson checked Mr. Cantu's status in law enforcement records and found no current driving suspensions or outstanding arrest warrants. He called the local jail and determined it had vacancy. Deputy Erickson then decided to arrest Mr. Cantu for reckless driving based on his concern for the safety of persons and property in the area. He searched Mr. Cantu's person incident to the arrest, discovering methamphetamine and a digital scale. He then impounded Mr. Cantu's vehicle but did not search it.

The State charged Mr. Cantu with possessing methamphetamine and using drug paraphernalia. He moved unsuccessfully to suppress the methamphetamine and digital scale, arguing Deputy Erickson arrested him for reckless driving as a pretext to search his person and his vehicle for evidence of unrelated crimes. Mr. Cantu initially pleaded

2

guilty to using drug paraphernalia, but he later withdrew his plea, and the trial court

dismissed the charge. A jury found Mr. Cantu guilty of possessing methamphetamine.

Mr. Cantu appealed.

## ANALYSIS

The issue is whether the trial court erred in rejecting Mr. Cantu's pretext-arrest

argument and denying his suppression motion. Mr. Cantu contends his reckless driving

arrest was pretextual because Deputy Erickson arrested him with the subjective intent to

search his person and vehicle for evidence of unrelated crimes consistent with his

criminal history. We disagree with Mr. Cantu.

We review challenged suppression hearing findings of fact for substantial

evidence and conclusions of law de novo to determine whether the findings support the

conclusions. *State v. Garvin*, 166 Wn.2d 242, 249, 207 P.3d 1266 (2009). Mr. Cantu

does not challenge the trial court's factual findings, so they are "verities on appeal."

*State v. Gaines*, 154 Wn.2d 711, 716, 116 P.3d 993 (2005). Mr. Cantu instead challenges

the trial court's legal conclusions, which, because they were "entered . . . following a

suppression hearing[,] carry great significance for a reviewing court." *State v. Collins*,

121 Wn.2d 168, 174, 847 P.2d 919 (1993).

The Washington State Constitution, article I, section 7, prohibits law enforcement

from stopping or arresting a suspect "as a pretext to search for evidence." *State v.

Michaels*, 60 Wn.2d 638, 644, 374 P.2d 989 (1962); *see State v. Ladson*, 138 Wn.2d 343,

3

357-58, 979 P.2d 833 (1999). Thus, law enforcement "may enforce the traffic code, so long as they do not use the authority to do so as a pretext to conduct an unrelated criminal investigation." *State v. Snapp*, 174 Wn.2d 177, 199, 275 P.3d 289 (2012). Whether a stop or arrest is pretextual depends on the "totality of the circumstances," including the acting officer's "subjective intent" and the "objective reasonableness" of his or her behavior. *Ladson*, 138 Wn.2d at 358-59. Thus, the acting officer must have been "actually motivated," "both subjectively and objectively," by the need to address the traffic offense, not a desire to search. *State v. Montes-Malindas*, 144 Wn. App. 254, 260, 182 P.3d 999 (2008); *see Snapp*, 174 Wn.2d at 199.

Deputy Erickson testified he decided to arrest Mr. Cantu for reckless driving based on his subjective concern for the safety of persons and property in the area. Deputy Erickson's decision was objectively reasonable because Mr. Cantu drove his vehicle almost three times the speed limit and nearly lost control on a residential street with parked vehicles lining each side, crosswalks marked for pedestrian use, and intersections on which semi trucks passed. While Deputy Erickson stated the large electronic equipment and bags in the rear seat "piqued [his] curiosity," especially because he recognized Mr. Cantu from prior burglary, theft, and drug investigations, RP at 56, he never acted on this curiosity and no evidence suggests it motivated him to arrest Mr. Cantu for reckless driving. Rather, the totality of the circumstances shows that in arresting Mr. Cantu for reckless driving, Deputy Erickson was actually motivated, both

4

subjectively and objectively, by the need to address the traffic offense, not a desire to search.

Mr. Cantu's argument relies on *Montes-Malindas*, 144 Wn. App. 254. The case involved a classic pretextual traffic stop where an officer saw vehicle occupants act suspiciously in a parking lot, waited until they drove off, and stopped the vehicle when the driver belatedly activated the headlights. *Id.* at 256-58. The officer did not cite the driver for his traffic infraction. While the officer claimed he was motivated by the driver's traffic infraction, he admitted his suspicion regarding the occupants' activity in the parking lot was probably on his mind during the encounter. *Id.* at 261. This division held the traffic stop was pretextual, reasoning the totality of the circumstances showed the officer was actually motivated, subjectively and objectively, by a desire to surveil the occupants regarding suspected crimes unrelated to the driver's traffic infraction. *Id.* at 261-62.

Our facts are not like those in *Montes-Malindas*. Deputy Erickson's curiosity over items in the rear seat came after the reckless driving stop and was unrelated to his arrest. The search of Mr. Cantu's person was incident to his arrest. Thus, *Montes-Malindas* does not apply. Considering all, the trial court did not err in rejecting Mr. Cantu's pretext-arrest argument and denying his suppression motion.

5

No. 30237-7-III
*State v. Cantu*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Brown, J.

WE CONCUR:

_____
Siddoway, A.C.J.

_____
Kulik, J.

6