[No. 35134.    Department One.    January 5, 1961.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN ALFRED BOGGS, *Appellant.*[1]

[1]Reported in 358 P. (2d) 124.

*Henry Opendack*, for appellant.

*Charles O. Carroll, Anthony Savage, Jr.,* and *Victor V. Hoff,* for respondent.

HUNTER, J. — The defendant, John Alfred Boggs, was charged under RCW 69.33.230 with the crime of unlawful possession of a narcotic drug. After conviction by a jury, imposition of sentence and entry of judgment, the defendant appeals.

The appellant assigns error to instructions given by the trial court which purported to specify the elements of the crime of unlawful possession of narcotic drugs under RCW 69.33.230. Error is also assigned to the trial court's failure to give instructions submitted by the appellant on the elements of this crime.

In essence, it is the appellant's contention that awareness by the accused of the narcotic character of the article possessed is an essential element of this offense. The appellant bases this contention upon the assumption that an intent to possess a narcotic drug is required to be proved under a charge of unlawful possession of a narcotic drug. This assumption is erroneous. The legislature, by its enactment of controls against the evils of the narcotic traffic through the adoption of the Uniform Narcotic Drug Act, has made *mere possession* of a narcotic drug a crime, unless the possession is authorized in the act. RCW 69.33.230 provides:

"It shall be unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, or compound any narcotic drug, except as authorized in this chapter."

In construing this statute in *State v. Henker*, 50 Wn. (2d) 809, 314 P. (2d) 645 (1957), we stated:

"Whether intent or guilty knowledge is to be made an essential element of this crime is basically a matter to be determined by the legislature.

"   .   .   .

"   .   .   . Had the legislature intended to retain guilty knowledge or intent as an element of the crime of possession, it would have spelled it out as it did in the previous statute. The omission of the words *with intent* evidences a desire to make mere possession or control a crime.   .   .   ."

Our holding in the *Henker* case, that guilty knowledge or intent is not an element of the crime of possession of narcotics under RCW 69.33.230, is controlling in the disposition of appellant's first contention.

■    The appellant assigns error to the trial court's instruction No. 7, which states:

"If you find from the evidence beyond a reasonable doubt that the defendant was, on or about the 6th day of June, 1958, in King County, State of Washington, in possession of the narcotic drug described in the information herein, then I instruct you that unless you find evidence to the contrary, the presumption arises that this possession of such drug was unlawful, and the burden of showing that such narcotic drug was lawfully obtained and possessed by him, is a matter of defense to be proved by evidence sufficient to raise in your minds a reasonable doubt as to the unlawfulness of the defendant's possession of such drug."

The appellant contends that under RCW 69.33.230, the state must prove beyond a reasonable doubt not only that the appellant possessed a narcotic drug at the time in question, but also that the possession was not within one of the exceptions authorized in the act. We disagree.

The trial court's instruction No. 7 was proper. RCW 69.33-.230 expressly provides that any possession of a narcotic drug is unlawful except as it is authorized in the act. RCW 69.33.390 places the burden of proving any such exceptions upon the defendant. It provides:

"In any complaint, information, or indictment, and in any action or proceeding brought for the enforcement of any provision of this chapter, it shall not be necessary to negative any exception, excuse, proviso, or exemption, contained in this chapter, and *the burden of proof of any such exception, excuse, proviso, or exemption, shall be upon the defendant.*" (Italics ours.)

Contrary to the appellant's suggestion, this does not place the burden upon him to prove his innocence.

Under a statute prior to RCW 69.33.230 (*i.e.* Laws of 1923, chapter 47, Rem. 1927 Sup., § 2509-3), possession of a narcotic drug was unlawful unless it was obtained pursuant to that act or a law enacted by the United States Congress. Another section of this act (Rem. 1927 Sup., § 2509-5) provided that the state need not prove the defendant does not come within one of the statutory exceptions, but rather, that the burden would be upon the defendant to show he comes within one of the exceptions. In construing these sections in *State v. Helmer*, 166 Wash. 602, 8 P. (2d) 412 (1932), we said:

"Of course, there rested upon the prosecution the burden of proving beyond a reasonable doubt that Helmer had possession of the drug in King county on or about the date charged; but if he desired to rest his defense upon his lawfully obtaining possession of the drug, the burden was upon him to so show, 'as a matter of defense,' this by the express language of the statute. True, he did not have that burden to the extent of proving beyond a reasonable doubt that he lawfully acquired possession of the drug; but he did have that burden to the extent of creating in the minds of the jury a reasonable doubt as to whether or not he had unlawfully acquired possession of the drug, if that be his defense rather than denial of possession of the drug. . . ."

Since the language of the statute construed in the *Helmer* case is similar to RCW 69.33.390, concerning the burden of proving matters within the statutory exceptions, we think this analysis is applicable here.

■ Appellant assigns error to the announcement made by the trial judge from the bench that the appellant's bond should be forfeited and a bench warrant should be issued for his arrest. The statement was made within hearing of the jury panel when the appellant failed to appear at the scheduled time for the commencement of the trial. Appellant contends he was denied a fair trial because of this incident. We disagree.

The record disclosed that when the appellant belatedly appeared, the court discovered he had been in the custody

of a deputy sheriff, who had mistakenly taken him to the wrong courtroom. Accordingly, the trial judge thereupon admonished the jury panel to disregard his prior statement because the appellant was without fault in failing to appear at the proper time. Any prejudice which may have been created by the statement was cured by this admonition.

■ The appellant further contends it was prejudicial error for one of the jurors, who was hearing this case, to visit the King county jail and see the appellant behind bars while the trial was in progress.

A stipulation was signed by the appellant and his counsel, whereby they agreed to a separation of the jury during the trial. During one lunch hour, a guided tour was conducted through the county jail by the King county sheriff's office for the benefit of acting jurors. One of the jurors, who was hearing the instant case, was in this particular tour. During the tour, the juror observed the appellant behind the bars surrounding the "booking" room. Although such practice is not condoned by this court, we do not believe it caused sufficient prejudice to deny the appellant a fair trial.

In support of this contention, the appellant relies on *State v. Williams*, 18 Wash. 47, 50 Pac. 580 (1897). In that case, manacles were kept on the accused during the trial for a considerable period of time until his counsel protested. We held this constituted a violation of Art. I, § 22, of our state constitution, which provides:

" 'In criminal prosecutions the accused shall have the right to appear and defend in person.' "

We said:

"The right here declared is to appear with the use of not only his mental but his physical faculties unfettered, and unless some impelling necessity demands the restraint of a prisoner to secure the safety of others and his own custody, the binding of the prisoner in irons is a plain violation of the constitutional guaranty. . . ."

This case is not apposite. Detaining an accused in jail while he is out of the courtroom in no way impairs his right to appear and defend at the trial. The appellant argues, however, that being seen behind bars by a juror who was hear-

ing his case was prejudicial to his right to a presumption of innocence. We think this is erroneous. It is common knowledge that a person charged with an offense is detained in jail during the pendency of a trial, unless he has been released on bond or on his personal recognizance. The ordinary juror would not relate detention in jail with guilt or innocence. Since the appellant agreed to a separation of the jury, he must show acts of a juror constituting misconduct as a matter of law in order to obtain a new trial. We see no such misconduct here.

The appellant finally c o n t e n d s the trial court erred in sentencing him to life imprisonment under RCW 69.33.410 upon his first conviction under the Narcotic Drug Act. The basis of this contention is that RCW 69.33.410 violates the equal protection clause of the fourteenth amendment to the United States Constitution and Art. I, § 12 of our state constitution, relating to privileges and immunities, because of the disparity of punishment the trial court could impose at its discretion. RCW 69.33.410 provides:

"Whoever violates any provision of this chapter shall, upon conviction, be fined not more than two thousand dollars and be imprisoned not less than two years: *Provided,* That for the first offense the court may in its discretion impose a fine of not to exceed one thousand dollars or a sentence not to exceed one year in the county jail, or both such fine and imprisonment. . . ."

Supplementing this, RCW 9.95.010 provides:

". . . If the law does not provide a maximum term for the crime of which such person was convicted the court shall fix such maximum term, which may be for any number of years *up to and including* life imprisonment. . . ." (Italics ours.)

As the appellant accurately points out, the punishment which the trial judge has discretion to impose upon a first offender of the Narcotic Drug Act may vary from a fine of not more than one thousand dollars and/or imprisonment in the county jail for not more than one year, to life imprisonment.

In support of his contention that he was denied equal protection under the law, the appellant relies upon *In re Olsen*

*v. Delmore*, 48 Wn. (2d) 545, 295 P. (2d) 324 (1956), wherein we stated:

"A statute which prescribes different punishments or different degrees of punishment for the same act committed under the same circumstances by persons in like situations is violative of the equal protection clause of the fourteenth amendment of the United States constitution. *State v. Pirkey*, 203 Ore. 697, 281 P. (2d) 698, and cases there cited. Such a statute must therefore be violative of Art. I, § 12, of the constitution of this state, relating to privileges and immunities, since this provision of the state constitution is substantially identical with the equal protection clause of the fourteenth amendment. *Texas Co. v. Cohn*, 8 Wn. (2d) 360, 112 P. (2d) 522."

The *Olsen* case does not support the appellant's contention. It stands for the proposition that a statute which purports to authorize prosecuting officials to charge violations of a section of the penal code either as a gross misdemeanor or a felony constitutes a denial of equal protection under the law. In the instant case, no such discretion is lodged in prosecuting officials. In arriving at this proposition of law in the *Olsen* case, we expressly stated that a statute providing alternative punishments of penitentiary or county jail imprisonment does not constitute a denial of equal protection under the law. We are not willing to depart from this reasoning, and we therefore find the trial court did not err in sentencing the appellant to life imprisonment.

We find no merit in the remaining assignment of error.

The judgment is affirmed.

WEAVER, C. J., MALLERY, DONWORTH, and OTT, JJ., concur.