**David A. WILLIAMS, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 2675.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 6, 1961.

Decided April 28, 1961.
Rehearing Denied June 13, 1961.

Thomas T. Kawahara, Washington, D. C., for appellant.

John R. Schmertz, Jr., Asst. U. S. Atty., Washington, D. C., with whom Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee. Frank Q. Nebeker, Asst. U. S. Atty., Washington, D. C., also entered an appearance for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

QUINN, Associate Judge.

This is an appeal from a conviction for carrying an unlicensed pistol. Code 1951, § 22–3204 (Supp. VIII). Williams complains that the District police found and

removed a weapon from his automobile in the course of an unreasonable search and seizure. On this constitutional ground he challenges the denial of his motion to suppress the gun as evidence at trial.

At approximately three o'clock one morning in April 1960 appellant was stopped in the District for driving 40 miles per hour in a 30-mile zone. He was arrested and ordered to follow the officers to the police precinct nearby. Parking the automobile in front of the station, he accompanied the officers inside where he was booked for speeding and told that he would have to post ten dollars collateral to obtain his release. Not having the money available, appellant had one of the officers telephone his wife; when reached, she told the officers she did not have the money but would try to get it.

With appellant in custody, the police next took steps to impound his automobile. According to the statement of proceedings and evidence, "their purpose was to remove it from the street. They testified that they could not leave the automobile parked in front of the police station." Without a search warrant but pursuant to Metropolitan Police Department General Order No. 10, Series 1958,[1] the police examined the interior of the vehicle and discovered a loaded pistol lodged under the front seat. When it was learned that appellant did not have a license for the weapon, an information was drawn charging him with this offense.

This case bears a close factual similarity to Travers v. United States, D.C.Mun.App. 1958, 144 A.2d 889, where we reversed a conviction for possession of a blackjack, condemning the search and seizure which uncovered the weapon as not properly incident to an arrest for speeding. The government does not here repeat the same argument—that the search was valid as incident to appellant's arrest—but rather seeks to

distinguish this case with the justification that the examination and inventory procedure authorized by the aforementioned administrative order were necessary and reasonable measures to safeguard the contents of a lawfully impounded vehicle.

■ We do not question the procedure prescribed by Section 12 of General Order No. 10, which affords protection to property in police custody, but we are concerned with the legal basis by which the police acquired control of appellant's automobile. Certainly, the order referred to did not establish such a right. Where an automobile has not been taken in the course of a seizure incident to an arrest, there must be some other grounds for impounding the vehicle. Aside from a search warrant, general authority for such action is provided by Section 91, D. C. Traffic & Motor Vehicle Regulations, which states:

"Any unattended vehicle found parked in violation of any traffic regulation, except overtime parking of less than 18 hours, may, by or under the direction of a member or members of the Metropolitan Police force, either by towing or otherwise, be removed or conveyed to any street where parking is not prohibited except for more than 18 hours, or be removed or conveyed to and impounded in or at the police precinct station of the police precinct in which said vehicle may be found or any other place designated by the Commissioners of the District of Columbia. * * *"

■ The government has not shown that the automobile was impounded pursuant to this regulation by the mere statement that appellant "could not leave the automobile parked in front of the police station." Because of the government's failure to make

1. Section 12 thereof reads in part: "When a vehicle is brought to a station, whether impounded, stolen, abandoned, or taken from a prisoner, it shall be the responsibility of the officer who takes the vehicle in charge to thoroughly search such vehicle, including the glove compartment and trunk, and remove all property therefrom. He shall be held responsible for seeing that all such property is recorded and properly safeguarded."

a showing that the car was unlawfully parked, subject to removal under Section 91, we must rule that the police conducted a forbidden exploratory search and seizure, even though the inspection was not motivated by a desire to discover incriminating evidence. As a consequence, it was error for the trial judge to admit the gun into evidence.

Reversed.