[No. 539-1. Division One—Panel 1. June 28, 1971.]

THE STATE OF WASHINGTON, *Respondent,* v. MARK ANTHONY CABIGAS, *Appellant.*

*Irving C. Paul, Jr.,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Frederick L. Yeatts, Deputy,* for respondent.

WILLIAMS, J.—Defendant appeals his conviction of illegal

possession of dangerous drugs and illegal possession of a pistol by a person convicted of a crime of violence. The sole issue on appeal is whether the seizure by the police of a pill bottle which contained dangerous drugs was lawful. We hold it was.

The facts are these: About noon on September 25, 1969, a Renton police officer responded to a call that there was a car blocking the parking lot driveway at a large motel complex. Upon arriving at the motel, the officer first checked with the desk clerk who told him that the car had been there since the bar closed the night before. As the officer approached the car, he saw the appellant behind the wheel, leaning back in the seat with his eyes closed. When the officer rapped on the window, appellant raised his head and opened the door. Initially, his speech was incoherent. At this time the officer saw a prescription bottle, containing several black capsules, between the front seat and the door sill. While he was checking appellant's identification, the appellant put the bottle in his pocket. The officer asked for the bottle, and appellant handed it over. A check against the officer's dangerous drug chart, which he carried in the patrol car, revealed that the black capsules probably were amphetamines. A narcotics detective then arrived. He checked with the drugstore named on the label in the bottle and learned that the prescription was for an innocuous drug and not for the black pills. Appellant was then arrested and a subsequent search of the car revealed a pistol and a cache of additional amphetamines under the hood.

Appellant contends the original seizure of the pill bottle was illegal. He concedes that if the seizure was lawful, there was then probable cause to support the ensuing arrest and search made incident thereto. Appellant also agrees that the officer's investigation which led to his being in a position to view the pill bottle was lawful.

There was no search because the pill bottle was in plain view. *Harris v. United States*, 390 U.S. 234, 19 L. Ed. 2d 1067, 88 S. Ct. 992 (1968); *State v. Regan*, 76 Wn.2d 331,

457 P.2d 1016 (1969). Whether the seizure was reasonable depends upon the existence of probable cause to believe that the item observed was, in fact, contraband. *Carroll v. United States,* 267 U.S. 132, 69 L. Ed. 543, 45 S. Ct. 280, 39 A.L.R. 790 (1925); *State v. Sullivan,* 65 Wn.2d 47, 395 P.2d 745 (1964); *State v. McIntyre,* 3 Wn. App. 799, 478 P.2d 265 (1970).

In determining whether probable cause for seizure exists, the function and qualifications of the police officer may be considered. What may appear as innocent behavior to the untrained layman can present a pattern of criminal conduct to the investigating officer, skilled by the experience of his training and position. The officer's action is to be tested by what a reasonable, cautious, and prudent officer under the circumstances of the moment would have done. *State v. Poe,* 74 Wn.2d 425, 445 P.2d 196 (1968). We are satisfied that the circumstances above set forth were sufficient to support the seizure and that the events which followed, the arrest and search, were reasonable. There is no error.

The judgment is affirmed.

JAMES and UTTER, JJ., concur.

Petition for rehearing denied September 13, 1971.