[No. 1286-1. Division One—Panel 1. January 2, 1973.]

THE STATE OF WASHINGTON, *Respondent*, v. PAUL CLIFFORD PATTERSON, *Appellant.*

*E. Gary Donion,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *John E. Oswald, Deputy,* for respondent.

WILLIAMS, J.—Defendant, Paul Clifford Patterson, appeals from the judgment and sentence following conviction by the court, sitting without a jury, of two counts of unlawful possession of dangerous drugs and one count of carrying a concealed weapon.

The undisputed facts are that at 9 a.m. on April 7, 1971, two police officers stopped to investigate a car parked in Volunteer Park in the city of Seattle. The front license plate was attached to the car with string and Patterson was sleeping in the back seat of his vehicle. The officers awakened him and asked him for identification. When he produced none, they asked for his vehicle registration. Patterson produced a registration and stated that he was the owner of the car. A radio check disclosed that there was outstanding a warrant for Patterson's arrest for shoplifting. Upon receipt of this information the officers arrested Patterson, placed him in the back seat of their patrol car and called for a tow truck to impound the car.

The tow truck arrived while one of the officers was making an inventory of the contents of Patterson's car. He completed the inventory and as he was walking from the car, the truck driver got into the driver's seat. When he did so, a pistol containing several rounds of ammunition fell from underneath the dashboard to the floor. The truck driver called the officer's attention to the pistol and the officer then searched under the dashboard where he found two bottles containing barbiturates.

Patterson assigns error to the admission into evidence of the pistol and the two bottles containing barbiturates contending that they were seized during a search which was

made without probable cause or by authority of a search warrant.

■ There is no question about the admission of the pistol because it was not discovered through a search but fell into plain view. *State v. Cabigas*, 5 Wn. App. 183, 486 P.2d 1139 (1971).

Patterson's principal contention is that the discovery of the barbiturates under the dashboard was the result of an unlawful exploratory search rather than a lawful inventory search as in *State v. Montague*, 73 Wn.2d 381, 438 P.2d 571 (1968) and *State v. Potts*, 1 Wn. App. 614, 464 P.2d 742 (1969). This contention is based on the theory that the lawful inventory search preparatory to impounding the car was terminated when the officer left and that the barbiturates were discovered during a second search. Second searches are ordinarily unlawful. *McNear v. Rhay*, 65 Wn.2d 530, 398 P.2d 732 (1965).

■■ The purpose of the inspection of the car—known as an inventory search—is to protect the contents from possible theft and the police from false claims of theft during the time that the car is impounded. *State v. Jones*, 2 Wn. App. 627, 472 P.2d 402 (1970). When the pistol dropped from underneath the dashboard it became apparent that an area in which personal property could be kept had been overlooked. The officer would have been derelict in his duty if he had not examined this area before releasing the vehicle to the tow truck driver.

The second search found in *McNear v. Rhay, supra,* was for the purpose of finding incriminating evidence suggested by the discovery of a marijuana cigarette during a search for stolen goods made an hour earlier with the permission of the owner. The second search was distinct and separable from the first and not within the contemplation of the original consent. In the case before us, the total transaction of impounding Patterson's car had not been completed when the officer examined underneath the dashboard. The seizure of the two bottles was not the result of a second general exploratory search but rather a continua-

tion of the lawful inventory of the personal property contained in the vehicle. Where the original search is a continuing one which has not been completed or abandoned, subsequent acts performed within the right to search do not constitute a second search. *Little v. Rhay,* 68 Wn.2d 353, 413 P.2d 15 (1966).

This care of Patterson's property was reasonable under the circumstances and, once the barbiturates were discovered, their seizure as contraband became lawful. *State v. Sullivan,* 65 Wn.2d 47, 395 P.2d 745 (1964).

Affirmed.

HOROWITZ, C.J., and CALLOW, J., concur.

Petition for rehearing denied January 26, 1973.

Review denied by Supreme Court March 20, 1973.