[No. 1723-1. Division One—Panel 2. July 16, 1973.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE SINGLETON, JR., *Appellant.*

*Warner, Pierce & Peden (B. Gray Warner*, of counsel), for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *Edward L. Douglas, Jr., Deputy,* for respondent.

HOROWITZ, J.—Defendant appeals from a judgment entered on a jury verdict convicting him of unlawful possession of cocaine. Of the issues raised, the one controlling the disposition of the appeal here made concerns the validity of the impoundment of the motor vehicle belonging to the arrested defendant.

At approximately 3:30 a.m. on January 25, 1971, Seattle police officers Buckland and Ballard, while driving in their police car at the corner of 20th Avenue and East Madison Street, Seattle, Washington, recognized defendant, then driving his car, and stopped him. Officer Buckland asked defendant if the latter had taken care of a traffic arrest warrant previously issued against him. Defendant answered he had not. The officer then directed defendant to pull over and leave his car. The defendant parked his car in the 1900 block of East Madison Street, exited his vehicle, and was placed under arrest. The outstanding warrant involved a minor traffic charge calling for a $25 bail deposit. The officer then asked to see defendant's driver's license. Defendant showed him an expired temporary Washington State driver's license. Defendant asked that his car be turned over to his car passenger. The officers, upon checking, found the passenger had no identification and refused to turn the car over to him.

Officer Buckland then determined to impound the car and called for a tow car. While waiting for the tow car to arrive, Officer Ballard, pursuant to usual police procedure, commenced inventorying the contents of defendant's car. The officer had not proceeded very far with the inventory when Officer Buckland informed him that, according to a police radio report just received, an informant had said that there were narcotics in the key case of defendant's car. The officer would have examined the key case in the course of inventory search. Officer Buckland immediately examined the key case. He found it contained a small tinfoil wrapper

with about .08 grams of a white powdery substance later found to be cocaine. Meanwhile, two other police officers drove by and took defendant to the city jail for booking. Officers Buckland and Ballard continued their inventory, but had not completed it when the tow car arrived. The tow car then took defendant's car to the impoundment garage, with the police officers following in their car. The officers there completed their inventory, but found no other contraband.

Meanwhile, defendant had arrived at the police station. The court found that within 20 minutes thereafter Officer Buckland arrived and, while escorting defendant from the holding area to the booking area, he showed defendant the traffic arrest warrant on which the latter had been arrested. Defendant was later charged and then convicted for unlawful possession of the cocaine found in the key case in his car. Defendant appeals.

■ He first claims the court erred in denying his motion to suppress evidence obtained as a result of an illegal arrest and illegal search of his car. He claims his arrest was illegal because the arresting officer failed to comply with RCW 10.31.030. The part pertinent here reads:

> The officer making an arrest must inform the defendant that he acts under authority of a warrant, and must also show the warrant: *Provided,* That if the officer does not have the warrant in his possession at the time of arrest he shall declare that the warrant does presently exist and will be shown to the defendant as soon as possible on arrival at the place of intended confinement:
> . . .

Officer Buckland, in arresting defendant, did not state "the warrant does presently exist and will be shown to the defendant as soon as possible on arrival at the place of intended confinement." RCW 10.31.030. Nevertheless, defendant knew from the conversation preceding the formal arrest that the reason for his arrest was his failure to take care of the outstanding traffic arrest warrant. The warrant was shown to defendant within 20 minutes after he was taken to the city jail. We believe the arresting officer sub-

stantially complied with the statute and such compliance is sufficient. *See People v. Rios,* 46 Cal. 2d 297, 294 P.2d 39 (1956); *People v. Jaurequi,* 142 Cal. App. 2d 555, 298 P.2d 896 (1956); *Ford v. State,* 21 App. Div. 2d 437, 250 N.Y.S.2d 857 (1964). *See also State v. Bowman,* 8 Wn. App. 148, 504 P.2d 1148 (1972).

■ Defendant alternatively contends the inventory search of his car violated his Fourth Amendment rights because the so-called inventory search was a mere pretext for a warrantless illegal exploratory search. The burden is on the prosecution to justify a warrantless search by showing the search falls within one of the exceptions to Fourth Amendment search warrant requirements. *Coolidge v. New Hampshire,* 403 U.S. 443, 29 L. Ed. 2d 564, 91 S. Ct. 2022 (1971); *United States v. Castaldi,* 453 F.2d 506 (7th Cir. 1971); *State v. Sanders,* 8 Wn. App. 306, 506 P.2d 892 (1973). There are various such exceptions: (1) the warrantless search incident to an arrest, subject to the limitations of *Chimel v. California,* 395 U.S. 752, 23 L. Ed. 2d 685, 89 S. Ct. 2034 (1969); (2) the warrantless search based on probable cause to believe that the motor vehicle contains contraband (*Coolidge v. New Hampshire, supra; Chambers v. Moroney,* 399 U.S. 42, 26 L. Ed. 2d 419, 90 S. Ct. 1975 (1970); *Carroll v. United States,* 267 U.S. 132, 69 L. Ed. 543, 45 S. Ct. 280, 39 A.L.R. 790 (1925); *State v. Lehman,* 8 Wn. App. 408, 506 P.2d 1316 (1973)); (3) the other less common exceptions discussed in 1 C. Antieau, *Modern Constitutional Law* § 2:12 (1969); J. Cook, *Constitutional Rights of the Accused: Pretrial Rights* § 49 (1972); and (4) the warrantless search conducted with defendant's consent. *McNear v. Rhay,* 65 Wn.2d 530, 398 P.2d 732 (1965); J. Cook, *Constitutional Rights of the Accused: Pretrial Rights* § 50 (1972).

■ Some cases hold the so-called warrantless inventory search of a motor vehicle following lawful impoundment is not a genuine exception to the search warrant requirement of the Fourth Amendment. *People v. Miller,* 7 Cal. 3d 219, 496 P.2d 1228, 101 Cal. Rptr. 860 (1972); *Mozzetti v. Supe-*

*rior Ct.,* 4 Cal. 3d 699, 484 P.2d 84, 94 Cal. Rptr. 412 (1971); *People v. Landa,* 30 Cal. App. 3d 487, 106 Cal. Rptr. 329 (1973).[1] Washington, however, following the majority view, recognizes the validity of a warrantless inventory search if the car is lawfully impounded. *State v. Montague,* 73 Wn.2d 381, 438 P.2d 571 (1968); *State v. Olsen,* 43 Wn.2d 726, 263 P.2d 824 (1953); *State v. Patterson,* 8 Wn. App. 177, 504 P.2d 1197 (1973); *State v. Jones,* 2 Wn. App. 627, 472 P.2d 402 (1970); *State v. Potts,* 1 Wn. App. 614, 464 P.2d 742 (1969).

An impoundment is lawful if authorized by statute or ordinance. RCW 46.32.060; RCW 46.52.110; RCW 46.61.565; RCW 69.50.505; 14 D. Blashfield, *Automobile Law & Practice* § 470.11, at 247 (3d ed. 1969). In the absence of statute or ordinance, there must be reasonable cause for the impoundment. *State v. Montague, supra; State v. Olsen, supra; State v. Jones, supra; State v. Potts, supra.* In *State v. Montague, supra,* the court reviewed the principles governing warrantless searches of impounded cars. The court said:

> What is now frequently referred to as the inventory rule will not apply, however, and evidence of crime discovered during the taking of the inventory will be suppressed as evidence, unless there first be a lawful arrest. *Miller v. State,* 137 So. 2d 21 (Fla. 1962). Also, in *Williams v. United States,* 170 A.2d 233 (D.C. Mun. App. 1961), the court refused to permit evidence of crime discovered during the taking of the inventory to be used in evidence following a valid arrest, where the court could find no reasonable grounds for the impoundment of the vehicle. Neither would this court have any hesitancy in suppressing evidence of crime found during the taking of the inventory, if we found that either the arrest or the impoundment of the vehicle was resorted to as a device

---

[1]There is substantial law review criticism of the warrantless inventory search. Baker & Khourie, *Improbable Cause—The Poisonous Fruits of a Search After Arrest for a Traffic Violation,* 25 Okla. L. Rev. 54 (1972); Comment, *The Inventory Search of an Impounded Vehicle,* 48 Chi.-Kent L. Rev. 48 (1971); Comment, *Police Inventories of the Contents of Vehicles and the Exclusionary Rule,* 29 Wash. & Lee L. Rev. 197 (1972); 7 U. Richmond L. Rev. 151 (1972).

and pretext for making a general exploratory search of the car without a search warrant. *State v. Michaels,* 60 Wn.2d 638, 374 P.2d 989 (1962); *People v. Garrison,* 189 Cal. App. 2d 549, 11 Cal. Rptr. 398 (1961).

When, however, the facts indicate a lawful arrest, followed by an inventory of the contents of the automobile preparatory to or following the impoundment of the car, and there is found to be reasonable and proper justification for such impoundment, and where the search is not made as a general exploratory search for the purpose of finding evidence of crime but is made for the justifiable purpose of finding, listing, and securing from loss, during the arrested person's detention, property belonging to him, then we have no hesitancy in declaring such inventory reasonable and lawful, and evidence of crime found will not be suppressed.

73 Wn.2d at 384-85.

A number of out-of-state decisions, including those cited in the margin,[2] have also discussed the circumstances under which an impoundment may be lawful or unlawful.

Reasonable cause for impoundment may, for example, include the necessity for removing (1) an unattended-to car illegally parked or otherwise illegally obstructing traffic; (2) an unattended-to car from the scene of an accident when the driver is physically or mentally incapable of deciding upon steps to be taken to deal with his property, as in the case of the intoxicated, mentally incapacitated or seriously injured driver; (3) a car that has been stolen or used in the commission of a crime when its retention as evidence is necessary; (4) an abandoned car; (5) a car so mechanically defective as to be a menace to others using the public highway; (6) a car impoundable pursuant to

---

[2]*E.g., People v. Landa,* 30 Cal. App. 3d 487, 106 Cal. Rptr. 329 (1973); *People v. Nagel,* 17 Cal. App. 3d 492, 95 Cal. Rptr. 129 (1971); *Virgil v. Superior Court,* 268 Cal. App. 2d 127, 73 Cal. Rptr. 793 (1968); *Pigford v. United States,* 273 A.2d 837 (D.C. App. 1971); *United States v. Pannell,* 256 A.2d 925 (D.C. App. 1969); *Williams v. United States,* 170 A.2d 233 (D.C. Mun. App. 1961); *People v. Sullivan,* 29 N.Y.2d 69, 272 N.E.2d 464, 323 N.Y.S.2d 945 (1971); *State v. Richards,* 26 Utah 2d 318, 489 P.2d 422 (1971); *State v. Criscola,* 21 Utah 2d 272, 444 P.2d 517 (1968).

ordinance or statute which provides therefor as in the case of forfeiture. The mere commission of one or more of the 27 bailable traffic offenses listed in JTR T2.03(m) does not necessarily provide reasonable cause for impoundment. *See People v. Nagel,* 17 Cal. App. 3d 492, 95 Cal. Rptr. 129 (1971); *Virgil v. Superior Court,* 268 Cal. App. 2d 127, 73 Cal. Rptr. 793 (1968). Mere overtime parking, unless there is reason to believe the car has been abandoned, ordinarily does not justify impoundment. *Compare Boss v. Spokane,* 63 Wn.2d 305, 387 P.2d 67 (1963). There is even case support for the view that if the driver cannot present his driver's license when arrested on a traffic violation, impoundment on that account is not required. *People v. Nagel, supra; United States v. Pannell,* 256 A.2d 925 (D.C. App. 1969).

In the instant case, at the time the police officers arrested the defendant the car was parked at the curb in the 1900 block of East Madison Street. At that point the officers had no reason to believe that the car contained any contraband and they conducted no search therefor; nor did they conduct a search incident to arrest either for evidence or weapons, there being no basis for such a search on the charge for which defendant was arrested. *State v. Michaels,* 60 Wn.2d 638, 374 P.2d 989 (1962). The only basis advanced by the police officers for the search was the claimed necessity for an inventory search of an impounded car. The state had the burden of proving that there was adequate cause for the impoundment. That burden, however, was not discharged. None of the six causes for impoundment above described was shown to exist. Defendant did not request the impoundment. His parked car at the curb was not shown to have been illegally parked. The car could have been left parked with its windows up and its doors locked, defendant retaining his keys. Defendant's presence at the police station to post bail on the traffic arrest warrant called for but a temporary absence. If it became necessary to remove the car later, defendant might have arranged with his wife to pick up the car. The police were, therefore,

under no necessity to take custody of the car and thereby become involuntary bailees with the duty to inventory the contents either for the protection of the owner or for the protection of themselves. *See People v. Miller,* 7 Cal. 3d 219, 496 P.2d 1228, 101 Cal. Rptr. 860 (1972).

■ Nor can it be fairly said that the informer's statement broadcast by police radio and heard by Officer Buckland operated to convert the inventory search to a lawful search based on probable cause to believe the car contained contraband. The radio report was based upon an anonymous tip. It was not shown whether the tip came from a paid or professional informer, or from a citizen informer. In the case of a paid or professional informer, a tip is insufficient to establish probable cause without a further showing that the informer is reliable. In the case of a citizen informer, the necessary showing of reliability has been relaxed. Nevertheless, it is still necessary to show that the officers had some additional knowledge to support a belief that the car contained contraband. *State v. McClung,* 66 Wn.2d 654, 404 P.2d 460 (1965); *State v. Bantam,* 163 Wash. 598, 1 P.2d 861 (1931); *Whiteley v. Warden, Wyoming State Penitentiary,* 401 U.S. 560, 28 L. Ed. 2d 306, 91 S. Ct. 1031 (1971); *United States v. Wilson,* 465 F.2d 1290 (7th Cir. 1972); *People v. Zimnicki,* 29 Cal. App. 3d 577, 105 Cal. Rptr. 614 (1972); J. Cook, *Constitutional Rights of the Accused: Pretrial Rights* § 37 (1972).

In the instant case, the only information the officers had after they commenced the inventory search concerning the presence of cocaine was the police radio broadcast of an anonymous tip that there were narcotics in the key case of defendant's car. For the reasons stated, this anonymous tip was not enough to constitute probable cause. The fact that cocaine was discovered after the search commenced did not render the search lawful at the time required, namely, before the search began. *State v. Miles,* 29 Wn.2d 921, 190 P.2d 740 (1948); *State v. Kinnear,* 162 Wash. 214, 298 P. 449, 74 A.L.R. 1400 (1931). The motion to suppress the

evidence obtained as a result of the unlawful search should have been granted.

■ It is necessary to consider defendant's remaining contentions concerning instructions given and refused in the event of retrial. Instruction No. 5 reads:

If you find from the evidence beyond a reasonable doubt that the defendant was on or about the date set forth in the information, in King County, Washington, in possession of the drug described in the information herein, then I instruct you that unless you find evidence to the contrary, the presumption arises that this possession of such drug was unlawful and the burden of showing that such drug was lawfully obtained and possessed by the defendant is a matter of defense to be proved by evidence sufficient to raise in your minds a reasonable doubt as to the unlawfulness of said defendant's possession of such drug.

Defendant contends the instruction is prejudicially erroneous because it places the burden upon the defendant of showing the cocaine was lawfully obtained and possessed by him. We find no error. A substantially identical instruction on the issue of burden was approved in *State v. Morris*, 70 Wn.2d 27, 422 P.2d 27 (1966), and *State v. Boggs*, 57 Wn.2d 484, 358 P.2d 124 (1961). The court's other instructions placed the burden of proving the unlawfulness of possession upon the state and informed the jury that the defendant was entitled to the presumption of innocence until the presumption was overcome. These instructions were consistent with and in effect explanatory of the reach of instruction No. 5.

Nor can it be said that *State v. Adams*, 81 Wn.2d 468, 503 P.2d 111 (1972), in effect overruled *State v. Morris, supra,* and *State v. Boggs, supra,* the decisions on the basis of which instruction No. 5 was given. In *State v. Adams, supra,* the court upheld the constitutional validity of alibi instructions dealing with the burden of proof in terms similar to that embodied in instruction No. 5. The court did hold, however, that as a matter of local substantive law "no instruction on alibi should be given in the future when

requested by either the prosecution or the accused." 81. Wn.2d at 478. The reasoning by which the court upheld the constitutional validity of the alibi instructions supports the continued validity of the instructions given in *State v. Morris, supra,* and *State v. Boggs, supra,* which are identical to instruction No. 5 here attacked.

 Defendant finally contends that defendant's additional requested instruction No. 1 should have been given. It reads:

> To constitute the crime charged in the Information there must be the joint operation of two essential elements, an act forbidden by law and an intent to do the act.
> Before a defendant may be found guilty of a crime the prosecution must establish beyond a reasonable doubt that under the statute described in these instructions defendant was forbidden to do the act charged in the Information, and that he intentionally committed the act.
> As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence under it.

The requested instruction requires proof of an intent to commit the crime. Intent, however, is not an element of the crime charged. *State v. Boggs, supra.*

The judgment is reversed.

WILLIAMS and CALLOW, JJ., concur.